## UNITED STATES v. MATHEWS.[1]

*(Circuit Court, S. D. Ohio, W. D.   February 26, 1885.)*

1. EXCESSIVE COMPENSATION IN PENSION CASES—REPEAL OF ACT OF MARCH 3, 1881—EFFECT OF, ON PENDING PROSECUTIONS.

    A pending prosecution for receiving excessive compensation for prosecuting pension claims in violation of the act of June 20, 1878, is not affected by the repeal of the clause of the general appropriation act of March 3, 1881, relating to act of June 20, 1878, by the act of July 4, 1884, although the repealing act contains no saving clause as to pending prosecutions.  Section 13, Rev. St., operates to save prosecutions, generally, upon repeal of statutes upon which they are founded, unless the contrary is expressly provided in the repealing act.  *U S.* v. *Van Vliet,* 22 FED. REP. 641; *U. S.* v. *Hague,* 22 FED. REP. 706, not followed.

2. REPEALS—SAVING PENDING PROSECUTIONS—SECTION 13, REV. ST.

    Section 13, Rev. St., which provides that "the repeal of any statute shall not have the effect to release or extinguish any *penalty, forfeiture,* or *liability* incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability," *held* to cover a prosecution under a statute which authorizes imprisonment as well as fine.  *U. S.* v. *Ulrici,* 3 Dill. 532, followed.

Motion in Arrest of Judgment.

*Channing Richards,* U. S. Atty., and *Henry Hooper,* Asst. U. S. Atty., for United States.

*Alfred Yaple,* for defendant.

SAGE, J.   The defendant was indicted March 8, 1884, under section 5485, Rev. St., for receiving for his services in prosecuting a pension claim a greater compensation than the $10 allowed by the act of July 20, 1878; the provisions of section 5485 having been, by a clause of the general appropriation act of March 3, 1881, made applicable to any person who should violate the provisions of said act of July 20, 1878.   The defendant was tried and convicted before the repeal, July 4, 1884, of the clause of the act of March 3, 1881, above referred to.   The repeal of the act of 1881 is without any saving clause as to offenses already committed, or prosecutions already begun.   That upon the repeal of a penal statute without such saving clause, judgment will be arrested even after conviction, is so well settled as not to require verification.   But section 13 of the Revised Statutes of the United States provides that "the repeal of any statute

shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." This general provision, in the chapter of the Revised Statutes relating to the form of statutes and effect of repeals, made the insertion of a saving clause in the repealing enactment of July 4, 1884, unnecessary.

It is urged that, inasmuch as the punishment for violation of section 5485 is a fine or imprisonment at hard labor, or both, section 13 is not broad enough to cover this case; that here is neither "forfeiture" nor "liability," and that "penalty" cannot be properly construed to include imprisonment, even if it could be held to include a fine, which counsel for defendant denies. Penalty is the punishment inflicted by law for its violation. The term is mostly applied to a pecuniary punishment, (2 Bouv. Law Dict. 399,) but it is not exclusively so. The case of *U. S.* v. *Ulrici,* 3 Dill. 532, is in point upon all the propositions urged on behalf of the defendant. In that case Mr. Justice MILLER, sitting as circuit justice with TREAT, J., held that the thirteenth section of the Revised Statutes contains a general provision changing the rule of the common law invoked in favor of the defendant in this case; and he says that the section was intended to repeal the rule. It is only necessary, in passing upon the motion, to quote the language of Justice MILLER from page 534:

"Now, the counsel for the defendant argues that neither the word ' penalty,' ' forfeiture,' nor ' liability,' is equivalent to the word ' punishment;' and therefore that the section under which these indictments are drawn is repealed, unless the penal sanction is comprehended by the term ' penalty,' and this, he insists, means only that which can be enforced by a civil action; or by the term ' forfeiture,' which relates merely to property; or by the term ' liability,' which he says means merely subject to a civil proceeding. But, without attempting to go into a precise technical definition of each of these words, it is my opinion that they were used by congress to include all forms of punishment for crime; and as strong evidence of this view I found, during the progress of the argument, and called the attention of the counsel to, a section which prescribed fine and imprisonment for two years, wherein congress used the words ' shall be liable to a penalty of not less than one thousand dollars, * * * and to imprisonment not more than two years.' Moreover, any man using common language might say, and very properly, that congress had subjected a party to a liability; and, if asked what liability, might reply, a liability to be imprisoned. This is a very general use of language, and surely it would not be understood as denoting a civil proceeding. I think, therefore, that this word ' liability' is intended to cover every form of punishment to which a man subjects himself by violating the common laws of the country. Besides, as my brother TREAT reminds me, the word ' prosecution ' is used in this section, and that usually denotes a criminal proceeding."

I am referred to the cases of *U. S.* v. *Van Vliet,* 22 FED. REP. 641; and *U. S.* v. *Hague,* 22 FED. REP. 706. In neither case does the re-

port show that section 13 was referred to or considered, and I think that I am bound to recognize *U. S.* v. *Ulrici* as the better authority.

The motion is overruled.

See *U. S.* v. *Van Vliet, ante,* 35, reversing *U. S.* v. *Van Vliet,* 22 FED. REP. 641.